**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1505
_____

UNITED STATES OF AMERICA

v.

JIMMY DAVIS,
                    Appellant

_____

On Appeal from the District Court of the Virgin Islands
(D.C. No. 1-18-cr-00015-001)
District Judge: Wilma A. Lewis
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 7, 2020

Before: KRAUSE, PORTER, and FISHER, *Circuit Judges*

(Opinion filed: June 14, 2021)

_____

OPINION[*]
_____

KRAUSE, *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jimmy Davis appeals from the District Court's judgment convicting him of possessing cocaine and assaulting a police officer. His court-appointed counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Because a review of the briefing and record reveals no nonfrivolous issues, we will grant counsel's motion and affirm the District Court's judgment.

## I.    Discussion[1]

We analyze *Anders* motions under a familiar two-step framework. At step one, we ask if counsel has "thoroughly examined the record in search of appealable issues" and explained "why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). At step two, we conduct our own "independent review of the record" to identify any issues counsel overlooked. *Id*. If neither step surfaces nonfrivolous issues, we grant the motion and dismiss the appeal.

A straightforward application of these steps establishes that Davis's appeal fails. To begin, counsel conscientiously surveys the record and convincingly shows why the three issues he spotlights lack merit. First, by engaging in "unruly conduct" and by disregarding the District Court's commands, Davis waived his Sixth Amendment right to be present during the trial. *Illinois v. Allen*, 397 U.S. 337, 338, 345–46 (1970). Second, testimony from a police officer and a forensic chemist supports Davis's conviction for simple possession of cocaine. *See* 21 U.S.C. § 844(a). Third, testimony from multiple police

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612(c), and we retain jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

officers likewise supports Davis's assault conviction. *See* 14 V.I.C. § 298. Any appeal based on these issues would be frivolous.

That does not end our inquiry, however, because we must still scour the record ourselves. Aside from the issues counsel underscores, our review reveals one more. On the trial's first day, Davis identified numerous disagreements with counsel and demanded a replacement. But "disagreement over legal strategy does not constitute good cause for substitution of counsel." *United States v. Gibbs*, 190 F.3d 188, 207 n.10 (3d Cir. 1999). And, although Davis refused to work with counsel and even threatened him, a "unilateral decision not to cooperate . . . does not constitute good cause." *Id*. So this issue, too, is frivolous.

The bottom line is that this appeal "lacks any basis in law or fact." *McCoy v. Ct. Of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988). We therefore "dispose of [it] without appointing new counsel," 3d Cir. L.A.R. 109.2(a), and confirm that no issues warrant the filing of a petition for a writ of certiorari in the Supreme Court, *see id.* 109.2(b).

## II.     Conclusion

For the foregoing reasons, we will grant the motion to withdraw and will affirm the District Court's judgment.